1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DANNY BELL,

11              Plaintiff,                    No. CIV S-09-2327 DAD P

12         vs.

13    HENRY T. NICHOLAS, III, et al.,         ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15    _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1985 and other provisions.  He has filed an application to proceed in forma pauperis

18    under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in

19    accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

20              Plaintiff has submitted an in forma pauperis application that makes the showing

21    required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22    pauperis.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24    28 U.S.C. § 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25    currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26    U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

2

1    (1976). The court must also construe the pleading in the light most favorable to the plaintiff and

2    resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3           Here, plaintiffs claims that his rights under 42 U.S.C. § 1985(2) and (3)[1], 18

4    U.S.C. § 242[2], the Thirteenth Amendment's proscription against involuntary servitude, the

5    Fourteenth Amendments due process and equal protection clauses, California's constitution, and

6    California Penal Code § 182(a)(5)[3] were violated by defendants. In his complaint plaintiff

7    alleges that defendants Henry Nicholas, Governor Arnold Schwarzenegger, former Governor

8    Pete Wilson, former Attorney General Bill Lockyer, and Todd Spitzer conspired or aided a

9    conspiracy to provide either financial or political support for Justice for Homicide Victims, Inc.

10   Plaintiff also contends that Justice for Homicide Victims is a "public policy enterprise" which

11   sought to defeat Proposition 66, a proposition that would have modified California's Three-

12   Strikes law. Plaintiff asserts that with the defeat of Proposition 66 and the enactment of other

13   anti-crime proposition, California's prisons have become increasingly overcrowded. Plaintiff

14   seeks the following relief:

15           Defendants should be held in a Ten Million dollar contempt for
        obstructing and denying constitutionally declared rights of freedom
16           from involuntary servitude, freedom from Illegal liberty
        deprivation and denial of equal protection of the laws, in that, due
17           to the unconstitutional conditions of confinement the Public Policy
        Enterprise of Justice For Homicide Victims Inc., has caused due to
18           their interference with the remedy (Proposition 66) which would

19

20       [1] 42 U.S.C. § 1985 proscribes conspiracies to obstruct justice in federal and state court proceedings and requires that the conspirators' actions be motivated by an animus towards a protected class. See Kush v. Rutledge, 460 U.S. 719, 724-25 (1983); Portman v. County of Santa
21   Clara, 995 F.2d 898, 909 (9th Cir. 1993).

22       [2] 18 U.S.C. § 242 provides in part: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person . . . to the deprivation of any rights,
23   privileges, or immunities secured or protected by the Constitution or laws of the United States . . . on account of such person being an alien, or by reason of his color, or race . . . shall be fined
24   under this title or imprisoned not more than one year, or both . . . ."

25       [3] California Penal Code § 182(a)(5) provides that a felony is committed when two or more persons conspire "[t]o commit any act injurious to the public health, to public morals, or to
26   pervert or obstruct justice, or the due administration of the laws."

1            have alleviated the conditions mandating the cause for creating the

2            overcrowding conditions existing today.

3 (Id. at 16.)

4           The court will recommend that plaintiff's complaint be dismissed for failure to

5 state a cognizable claim.  The statutes and constitutional provisions plaintiff relies on do not

6 provide him with a legal basis to challenge public and private individuals who support a political

7 campaign either financially, with an endorsement, or with political speech made in the course of

8 a political campaign.  Plaintiff seeks to hold the named defendants responsible for the defeat of

9 Proposition 66 and the passage of other propositions; however, it was California voters who

10 determined the outcome of those ballot measures.  Defendants' alleged participation in political

11 campaign and association with a political organization does not provide plaintiff with a private

12 cause of action against them.  In fact, the First Amendment affords the broadest protection to

13 political expression in order "'to assure (the) unfettered interchange of ideas for bringing about of

14 political and social changes desired by the people.'"  Buckley v. Valeo, 424 U.S. 1, 14 (1976)

15 (quoting Roth v. United States, 354 U.S. 476, 484 (1957)).  In addition, "[t]he First Amendment

16 protects political association as well as political expression."  Id. at 15.  As courts have

17 recognized, "'[e]ffective advocacy of both public and private points of view, particularly

18 controversial ones, is undeniably enhanced by group association."  Id. (quoting NAACP v.

19 Alabama, 357 U.S. 449, 460 (1958)).

20           The court will not grant plaintiff leave to file an amended complaint.  It appears

21 clear that the defects of plaintiff's complaint noted above cannot be cured and that the granting of

22 leave to amend would be futile.  See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir.

23 1990); Rutmann Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

24           Accordingly, IT IS HEREBY ORDERED that:

25           1.  Plaintiff's November 3, 2009 motion for an extension of time to submit his

26 application to proceed in forma pauperis (Doc. No. 6) is granted nunc pro tunc;

1         2.  Plaintiff's November 6, 2009 application to proceed in forma pauperis (Doc.

2  No. 7) is granted;

3         3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4  The fee shall be collected and paid in accordance with this court's order to the Director of the

5  California Department of Corrections and Rehabilitation filed concurrently herewith; and

6         4.  The Clerk of the Court is directed to randomly assign this case to a District

7  Judge.

8         Also, IT IS HEREBY RECOMMENDED that this action be dismissed for

9  plaintiff failure to state a cognizable claim.

10         These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12  one days after being served with these findings and recommendations, plaintiff may file written

13  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

16  F.2d 1153 (9th Cir. 1991).

17  DATED: April 12, 2010.

18

19                                      _Dale A. Drozd_

20                                DALE A. DROZD
                                   UNITED STATES MAGISTRATE JUDGE

21  DAD:4
22  bell2327.fsc

23

24

25

26